UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAYEM FOODS, INC., )<br>)<br>Defendant. )<br>) | Civil No. 1:19-cv-11126 |

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff United States of America, by authority of the Attorney General of the United States and acting at the request of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action concurrently with this Stipulation of Settlement and Order ("Stipulation") against Defendant Kayem Foods, Inc. ("Defendant") to recover penalties for alleged violations of Section 112(r)(7) of the Clean Air Act ("CAA"), 42 U.S.C. § 7412(r)(7), and regulations promulgated thereunder at 40 C.F.R. Part 68 ("Risk Management Program regulations") at its meat processing facility located at 75 Arlington Street, in Chelsea, Massachusetts ("Facility").

Plaintiff and Defendant ("the Parties") agree that settlement of this matter and entry of this Order without litigation is the most appropriate means of resolving this matter, and the Court by entering this Stipulation finds that it has been negotiated in good faith, and is fair, reasonable and in the public interest.

The violations Plaintiff alleges are described in the Complaint. This Stipulation does not constitute an admission by Defendant of any fact or any liability alleged in the Complaint, and

the Parties agree that payment of the penalties referenced herein is not and shall not be construed as an admission of liability or wrongdoing on the part of the Defendant.

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, except as to Paragraphs 1 and 2, and the second sentence of Paragraph 3, and upon consent and agreement of the parties to this Stipulation, it is hereby AGREED, ORDERED, AND ADJUDGED:

1. This Court has jurisdiction over the subject matter of this action under Section 113(b) of the CAA, 42 U.S.C. § 7413(b) and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

2. Venue is proper in this District under Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because Defendant resides, is located, and conducts business within this judicial District, the alleged events or omissions giving rise to the claims in this Complaint are alleged to have occurred within this District, the property that is the subject of this action is situated in this District, and the civil penalties sought in this action have accrued in this District.

3. Under Section 113(b) of the CAA, 42 U.S.C. § 7413(b), notice of this action has been given to the Commonwealth of Massachusetts. For purposes of this Stipulation, or any action to enforce this Stipulation, Defendant waives service of process in accordance with the requirements set forth in the Federal Rules of Civil Procedure and agrees to submit to the Court's jurisdiction.

4. The obligations of this Stipulation apply to and are binding upon the United States and upon Defendant and its successors. Any change in Defendant's ownership or corporate status shall not alter its obligations set forth by this Stipulation.

5. Within 30 days after the Effective Date (defined in Paragraph 24 below), Defendant shall pay the total sum of $138,281 as a civil penalty.

6. Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of Massachusetts after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendant shall use to identify all payments required to be made in accordance with this Stipulation. The FLU will provide the payment instructions to:

> Patrick Monkiewicz
> Chief Financial Officer
> Kayem Foods, Inc.
> 75 Arlington Street
> Chelsea, MA 02150
> Patrick.Monkiewicz@kayem.com
> 800-426-6100 x634

as representative of Defendant. Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change to the United States and EPA in accordance with paragraph 23 below ("Notices").

7. At the time of payment, Defendant shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov and via regular mail at EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (ii) to the United States via email and regular mail in accordance with paragraph 23; and (iii) to EPA via email in accordance with paragraph 23. Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation in *United States v. Kayem Foods, Inc.* and shall reference the civil action number, CDCS Number and DOJ case number 90-5-2-1-11490.

3

8. Each party shall bear its own costs and attorneys' fees in this action.

9. In the event that Defendant does not comply with the payment obligations of Paragraph 5 above, it shall be in violation of this Stipulation and shall pay a stipulated penalty to the United States in the amount of $1,000 per day for each day that the civil penalty remains unpaid. Stipulated penalties shall accrue regardless of whether Defendant has been notified of a violation or demand for payment by the United States. Stipulated penalties shall be paid in the same manner set forth and with the confirmation notices required by Paragraphs 6 and 7 above, except that the transmittal letter shall state that the payment is for stipulated penalties and shall describe the violation for which the penalties are being paid. Further, interest shall continue to accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid.

10. This Stipulation shall be considered an enforceable judgment for purposes of post-judgment collection of any past due but unpaid amounts in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable federal authority. Defendant shall be liable for reasonable attorneys' fees and costs incurred by the United States to collect any amounts past due under this Stipulation.

11. Non-Exclusivity of Remedy. Stipulated penalties are not the United States' exclusive remedy for violations of this Stipulation. The United States expressly reserves the right to seek any other relief it deems appropriate for Defendant's violation of this Stipulation, as provided by law, subject to Paragraph 13 below.

12. This Court shall retain jurisdiction for the purpose of interpreting and enforcing this Stipulation.

13. Defendant's payment of the civil penalty identified in Paragraph 5 above and any stipulated penalties and interest required by Paragraph 9 above, if applicable, shall resolve any and all of Defendant's civil liability to the United States for all alleged violations described in the Complaint.  The United States' acceptance of such payment shall constitute a release of Defendant and its successors from any civil claims, demands, or causes of action for all violations alleged in the Complaint occurring through the date of lodging of this Stipulation with the Court.

14. Defendant waives any counterclaims against the United States that might have been filed in this action.

15. In any subsequent proceeding, Defendant shall not assert any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

16. Nothing in this Stipulation is intended to operate in any way to resolve any other civil claims or any criminal liability of Defendant or its agents, successors, assigns, or other entities or persons.

17. This Stipulation may not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the CAA, or under other federal or state laws, regulations, or permit conditions, subject to Paragraph 13 above.

18. Civil penalties and any stipulated penalties paid under this Stipulation are not deductible by the Defendant or any other person for federal, state, or local tax purposes.

19. Nothing in this Stipulation creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation.

5

20. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits. Defendant's compliance with this Stipulation is not a defense to any action commenced under said laws, regulations, or permits.

21. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation.

22. This Stipulation may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument. The undersigned representative of Defendant and the Deputy Section Chief of the Environmental Enforcement Section of the Environment & Natural Resources Division of the United States Department of Justice certify that he or she is authorized to enter into the terms of this Stipulation and to execute and bind legally such party to this document.

23. Unless otherwise specified in this Stipulation, whenever notifications, submissions, or communications are required by this Stipulation, they shall be made in writing and addressed as follows:

| | |
|---|---|
| As to the United States by email: | eescdcopy.enrd@usdoj.gov<br>donald.frankel@usdoj.gov<br>Re: DJ # 90-5-2-1-11490 |
| As to the United States by mail: | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ # 90-5-2-1-11490 |

>Donald G. Frankel
>Senior Counsel
>Department of Justice
>Environmental Enforcement Section
>408 Atlantic Avenue
>Suite 236
>Boston, MA 02110

As to EPA by email:   foot.christine@epa.gov
                     Re: *U.S. v. Kayem Foods, Inc.*

As to EPA by mail:   Christine M. Foot, Enforcement Counsel
                     U.S. Environmental Protection Agency, Region 1
                     5 Post Office Square, Suite 100
                     (Mail Code OES 04-2)
                     Boston, MA 02109-3912

As to Defendant by mail:   Patrick Monkiewicz
                           Chief Financial Officer
                           Kayem Foods, Inc.
                           75 Arlington Street
                           Chelsea, MA 02150

As to Defendant by email:  Patrick.Monkiewicz@kayem.com
                           Re: *U.S. v. Kayem Foods, Inc.*

With a copy by email:   Curtis A. Connors, Esq.
                        cconnors@gncm.net

Any Party may, by written notice to the other Party, change its designated notice recipient or notice address(es) provided above. Notices submitted pursuant to this paragraph shall be deemed submitted upon completion of emailing and regular mailing, unless otherwise provided in this Stipulation or by mutual agreement of the Parties in writing.

24. The Effective Date of this Stipulation shall be the date upon which this Stipulation is entered by the Court, as recorded on the Court's docket.

7

25. This Stipulation will be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding this Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate. Defendant consents to the entry of this Stipulation without further notice and agrees not to withdraw from or oppose entry of this Stipulation by the Court, or to challenge any provision of the Stipulation, unless the United States has notified Defendant in writing that it no longer supports entry of the Stipulation.

26. The terms of this Stipulation may be modified only by a subsequent written agreement signed by both Parties. Where the modification constitutes a material change to this Stipulation, it shall not be effective without approval by the Court.

27. If for any reason this Court should decline to approve this Stipulation in the form presented, this agreement is voidable at the sole discretion of either Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

28. The Parties hereby agree that, upon the Court's approval of this Stipulation, it shall be entered as a final order of the Court.

**FOR THE UNITED STATES OF AMERICA**

Dated: _____

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice

Dated: 5/10/19

DONALD G. FRANKEL
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
408 Atlantic Avenue, Suite 236
Boston, MA 02110
(617) 748-3512

ANDREW E. LELLING
United States Attorney
District of Massachusetts

SUSAN POSWISTILO
Assistant United States Attorney
U.S. Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210

9

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY

_____   Dated: 4/18/19
KAREN McGUIRE
Director
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region 1


_____   Dated: 4/18/19
CHRISTINE M. FOOT
Enforcement Counsel
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region 1

10

FOR DEFENDANT KAYEM FOODS, INC.

_____    Dated: 4/5/19
PATRICK MONKIEWICZ
Chief Financial Officer
Kayem Foods, Inc.
75 Arlington Street
Chelsea, MA 02150


SO ORDERED THIS 10TH DAY OF July, 2019.

_____
Nathaniel M. Gorton
United States District Judge